

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 1 7 2015

BY ___ DAVID J. MALAND, CLERK
DEPUTY _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **DAVID E. MACK** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **Case No. 4:15-cv-252** |
| **vs** | § | |
| | § | |
| **MIDLAND CREDIT** | § | |
| **MANAGEMENT, INC.** | § | |
| *Defendant.* | § | |
| | § | **TRIAL BY JURY DEMANDED** |
| | § | |

## FIRST AMENDED COMPLAINT

## JURISDICTION

1. This Court has jurisdiction under 47 U.S.C. § 227, 28 U.S.C §1331, 1367, 1441, and 1446.

2. All conditions precedent to the bringing of this action have been performed.

## PARTIES

3. The Plaintiff in this lawsuit is David E. Mack (Plaintiff), a natural person, who resides in Collin County, Texas.

4. The Defendant in this lawsuit is Midland Credit Management, Inc. (Midland) a debt collection company with corporate offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

## VENUE

5. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

6. Venue is proper after removal to the Eastern District of Texas Sherman Division.

## GENERAL ALLEGATIONS

7. On December 4, 2013 Midland called Plaintiff's wireless phone number 682-560-1675 at 8:35 AM from 877-237-0512, which is a number known to be used by Midland in its debt collection operations.

8. The call made by Midland was made with an automatic telephone dialing system (ATDS) to Plaintiff's wireless phone.

9. Midland made the call to Plaintiff's wireless phone using ATDS capable equipment without consent, express or otherwise, from the Plaintiff to do so.

10. The call made to Plaintiff's wireless phone was not for an emergency purpose and was made without the express consent of the Plaintiff having been given at any time.

11. Plaintiff had received previous calls from the Defendant where no messages were left.  See Plaintiff's handwritten notes made at or near the time of the call.  Exhibit 1 Attached.

12. Defendant's call to Plaintiff was not the first call received from the Defendant from the same number and numerous other calls numbering more than one hundred and ten were received by Plaintiff from the same number.

13. Plaintiff answered the call and there was no party on the line so he terminated the call.

14. The Plaintiff has never had any business relationship with Midland at any time.

15. The Plaintiff attempted to mitigate damages in this matter by sending a notice of intent to litigate to the Defendant before commencing legal action and Defendant failed to respond. See Exhibit 2 attached.

16. Plaintiff is a non-debtor and there is no debt that Defendant could be calling about to collect from Plaintiff.

## COUNT I

## VIOLATIONS OF 47 U.S.C. § 227

14. Plaintiff repeats and re-alleges each and every allegation stated above.

15. Defendant's aforementioned conduct violated 47 U.S.C. § 227 *et. seq.*

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a.   Adjudging that Defendant violated 47 U.S.C. § 227.

    b.   Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227 b(3)(C).

    c.   Awarding Plaintiff any costs and attorney's fees incurred in this action;

    d.   Awarding Plaintiff any post-judgment interest as may be allowed under the law;

    e.   Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the foregoing document was sent to the below named party by first class USPS mail.

Dated:  April 17, 2015

David E Mack

Reid S. Manley
BURR & FORMAN LLP
420 North 20th Street Suite 3400
Birmingham, Alabama 35203

#1 MCM 12-3-13 8:13 AM
877-237-0512

MCM 12-3-13 10:55 AM.
877-237-0512

MCM 12-3-13 2:16 PM
877-237-0512
Answered - nobody there.

MCM 12-3-13 7:45 PM.
877-237-0512

MCM 12-4-13 8:35 AM
877-237-0512
Ans - no one there

MCM 12-4-13 9:34 AM.
877-237-0512

MCM 12-4-13 11:31 AM
877-237-0512

Acct. Disc. Systems 12-4-13 12:01 PM
682-200-3213 left v mail

MCM 12-4-13 8:44 PM 877-237-0512 nobody there

MCM 12-5-13 9:31 AM
877-237-0512

Acct. Disc. Systems 12-5-13 11:25 AM.
254-230-0393

MCM 12-5-13 11:39 AM.
877-237-0512

MCM 12-6-13 12:58
877-237-0512

MCM. 12-7-13 8:47 AM.
877-237-0512

# Exhibit 1

February 26, 2014



David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252

Midland Credit Management, Inc.
8875 Aero Drive Suite 200
San Diego, CA 92123

## NOTICE OF INTENT TO SUE

Attention Legal Department

I recently received a very high number of calls to my wireless phone number 682-560-1675 from your company that originated from phone number 877-237-0512. This is a number which is known to be used by your company for debt collection activities. The calls were received between November 29, 2013 and January 21, 2014 and number **over 100**. I have had this phone number for an extended period of time and the calls were not made for an emergency purpose.

When you called you failed to identify yourself as a debt collector as required under the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692. The calls were placed using ATDS equipment as there was no party on the line on the numerous occasions that I answered the calls.

I do not have any debts owed to you and there was no legal or legitimate basis for you to be calling my wireless phone. You did not have my express consent, written or otherwise, to call my wireless phone and your actions were in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the Fair Debt collection Practices Act 15 U.S.C. § 1692.

I am writing you to ascertain whether we can reach an amicable settlement regarding these violations of my rights as well as federal and state law without resorting to litigation to enforce my rights under the law.

The private right of action allowed under 47 U.S.C. § 227(b)(3)(B)(C) is for statutory damages of $500 to $1500 per call and damages under the FDCPA, 15 U.S.C. § 1692d up to $1000.

You may contact me at mack2001@swbell.net to discuss this and make arrangements to settle the matter at this time. I need to have a response from you within 10 days of your receipt of this letter to avoid having me move forward with litigation to resolve the matter. I look forward to hearing from you so that we may amicably settle this issue as soon as is practically possible.

Yours Truly,

David E. Mack

Sent by certified mail # 7011 2000 0001 7989 2962

# Exhibit 2